## JAMES D. DENEGRE *v.* S. HIRIART et al.

It is not essential that it should appear from the notary's certificate of notice of protest, that the notice was addressed to the endorser on the face of it. It is sufficient if the name and address of the endorser be written on the outside of the notice addressed to him.

It is sufficient, if the notice of protest states that the note has been protested, without stating that it was protested after due demand.

The omission to state in the notice of protest the date of the maturity of the note is not material, when it is not shown that the endorser had endorsed other similar notes, and there is no reason to believe he was left in any doubt as to the note which was protested.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.   J. M. Brunot, for plaintiff.   *J. M. Elam*, for defendants.   The judgment of the court was pronounced by

SLIDELL, J. *McCalop* was sued as the endorser of a promissory note for $1500, made by *Hiriart*, dated West Baton Rouge, March 31st, 1848, and payable twelve months after date at the Branch of the Union Bank at Plaquemine, which is a town in the parish of Iberville. It was duly presented, and protested at maturity for non-payment; and a notice, addressed to *McCalop*, at the proper place, was mailed on the following day. It does not, perhaps, clearly appear from the notarial certificate, whether the letter was addressed on its face to *McCalop*, or not; but it is quite clear, from the certificate, that his name and address were on the outside of the letter, and that was sufficient.

There are some other objections to the notice; before considering which, we will give its words. It was as follows: "Take notice, that a promissory note for the sum of fifteen hundred dollars, signed *Hiriart*, dated West Baton Rouge, March 31st, 1848, payable to the order of *James McCalop, Esq.*, and by you endorsed, has been by me this day protested for non-payment, and the holder of said promissory note looks to you for the payment thereof as endorser. Parish of Iberville, 3d April, 1849.   L. PETIT, Recorder."

The notice, aided by its superscription, sufficiently points to *McCalop* as endorser of the note. The expression, " has been by me this day protested for non-payment," is, in our opinion, sufficient, without stating in express terms that presentment for payment had been made. See *Stockton* v. *Collins*, 9 Carr. & Payne, 653. *King* v. *Bickley*, 2 Adol. & Ellis, New R. 419. Story on Notes, § 352.

It is also objected, that the notice does not state at what time payment was due. But in the absence of evidence that *McCalop* had endorsed any other note of *Hiriart*, there is no reason to believe that any doubt was left in his mind as to the dishonor of the note in question. See *Mills* v. *Bank of United States*, 11 Wheaton, 431. Story on Notes, § 349.

The judgment of the district court is therefore affirmed, with costs.